# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CR-677 CAS |
| AYMAN FROOK, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant Ayman Frook's Motion for Reconsideration and Motion for Appointment of Counsel. For the following reasons, the motions will be denied.

Defendant pleaded guilty to Count II of the indictment in this matter on September 1, 2006. On February 27, 2007, defendant was declared a fugitive when he did not appear for sentencing. Defendant ultimately was sentenced on October 21, 2008 to a term of twelve months imprisonment and three years supervised release. A Judgment was entered on October 28, 2008 (Doc. 50). Defendant filed a Notice of Appeal through counsel on November 6, 2008.

**Motion for Reconsideration**

Defendant is represented by counsel in this matter but filed the instant motion pro se. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.), cert. denied, 513 U.S. 909 (1994). "A district court has no obligation to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); Agofsky, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party). The Court declines

to rule on defendant's motion for reconsideration because it was filed pro se although defendant is a represented party.

In the alternative, the Court will deny the motion for reconsideration as untimely. The motion for reconsideration is dated November 6, 2008, but was not received by this Court until November 24, 2008. A stamp on the front of the motion indicates it was originally received by the Circuit Clerk's Office of the City of St. Louis on November 13, 2008, which forwarded the motion to this Court.[1]

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Appellate Procedure provide for a "motion to reconsider," but the courts have created a common-law exception recognizing motions to reconsider in criminal cases under the Healy doctrine. See United States v. Healy, 376 U.S. 75 (1964). "[D]espite the absence of a governing statute or procedural rule, a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted 'render[s] the original judgment nonfinal for purposes of appeal for as long as the petition is pending.'" United States v. Greenwood, 974 F.2d 1449, 1466-1471 (5th Cir. 1992) (quoting United States v. Dieter, 429 U.S. 6, 8 (1976)), cert. denied, 508 U.S. 915 (1993); see United States v. Ridl, 26 F.3d 73, 74 (8th Cir. 1994) (timely motion for reconsideration extended the time for appeal). An untimely request for reconsideration does not have the same effect. Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 267 (1978).

In the absence of a rule specifying the time in which a motion for rehearing or reconsideration must be filed, "a petition for rehearing in a criminal case would be considered timely 'when filed within the original period for review.'" Id. at 268 (quoting Healy, 376 U.S. at 78); United States v.

---

[1]The envelope in which defendant originally mailed the Motion for Reconsideration was not included when the St. Louis Circuit Clerk forwarded defendant's motion to this Court.

Johnson, 980 F.2d 1212, 1212 (8th Cir. 1992) (per curiam). In a criminal case, a defendant must file his notice of appeal within ten days of the entry of the judgment. Fed. R. App. P. 4(b)(i).

In this case, the judgment was entered on October 28, 2008. The last day for filing a notice of appeal was November 12, 2008. (The tenth day fell on Tuesday, November 11, 2008, which was a federal holiday. See Rule 45(a), Fed. R. Crim. P.). The motion to reconsider was not received by this Court until November 24, 2008, and was not received by the initial, incorrect recipient until November 13, 2008. Because the motion was filed more than ten days after the judgment was entered, it was filed too late. See Fed. R. App. P. 26(a).

The Court must also consider, however, whether the motion is timely under Rule 4(c) of the Federal Rules of Appellate Procedure, which provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 4(c)(1), Fed. R. App. P. Under Eighth Circuit jurisprudence, the scope of the prison mailbox rule as set forth in Rule 4(c) has been expanded and applies to prisoners who petition for writs of habeas corpus, federal prisoners who seek relief under 28 U.S.C. § 2255, and prisoners filing notices of appeal. See Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001). This Court finds that the prison mailbox rule applies in the instant context of a motion for reconsideration.

The prisoner bears the burden to prove his entitlement to benefit from the prison mailbox rule. Id. at 916-17. In order to take advantage of the rule, the prisoner must state that he used the prison mail system, and state whether the institution has one or two mail systems. Porchia v. Norris, 251

F.3d 1196, 1198 (8th Cir. 2001). Assuming that a prisoner uses a prison mailing system, he is required to file an affidavit or notarized statement recounting the precise date on which he left his notice of appeal with prison authorities. Id.

As stated above, the instant motion is untimely unless defendant can establish that he is entitled to the benefit of the prison mailbox rule as set forth in Rule 4(c)(1), Fed. R. App. P. The Court concludes that defendant has not met this burden, because the letter does not state whether defendant used the prison mail system or whether the institution has one or two mail systems, and does not include a declaration or affidavit stating the date on which defendant deposited the letter in the prison mail system and that he affixed first-class postage. See Porchia, 251 F.3d at 1198. Defendant's motion for reconsideration is therefore untimely under Fed. R. App. P. 4(a)(1) and should be denied on that basis.

The motion for reconsideration cannot be construed as a motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure. Defendant entered a plea of guilty and waived his right to a jury trial. Rule 33 can only be utilized in those cases where a trial has occurred. See United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995); United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam); United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979); United States v. Prince, 533 F.2d 205, 208 (5th Cir. 1976). Further, even if defendant could properly file a Rule 33 motion, this Court would lack jurisdiction to address it because the motion was not filed within seven days of the verdict or finding of guilty.[2] See Rule 33(a)(2), Fed. R. Crim. P.; United States v.

---

[2] Defendant does not assert the existence of newly-discovered evidence, as opposed to newly acquired documents, to support the arguments his counsel previously made at sentencing with respect to imposition of a two-level enhancement for obstruction of justice. As a result, Rule 33(b)(1) does not apply.

4

Beran, 546 F.2d 1316, 1319 n.1 (8th Cir. 1976) (time limits of Rule 33 are jurisdictional); cert. denied, 430 U.S. 916 (1977).

The motion to reconsider is untimely under Rule 35(a), Federal Rules of Criminal Procedure, which permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed. R. Crim. P.; see also United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (discussing former Rule 35(c)). The sentence was orally announced on October 21, 2008, and accordingly the deadline for any action by the Court on a Rule 35(a) motion was October 30, 2008. See Rule 35(a), Fed. R. Crim. P.

Finally, if the Court were to address the merits of defendant's motion to reconsider, it would deny the motion for lack of jurisdiction. A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. Austin, 217 F.3d at 597 (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed" except under specified circumstances.'")). Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon the motion of the government for substantial assistance, or (3) upon a motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b). Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R.

5

Crim. P. 35(a). Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's motion for reconsideration does not allege that any of these three circumstances applies, and therefore the Court lacks jurisdiction to modify defendant's sentence.

**Motion for Appointment of Counsel**

Defendant also filed a motion for appointment of counsel, which states in part that his counsel, Ms. Linda Babich, has withdrawn from the case. The docket sheet reflects that Ms. Babich has not sought leave of Court to withdraw from defendant's representation, and that Mr. Glenn Seiden also continues to represent defendant. The motion for appointment of counsel should therefore be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Reconsideration is **DENIED**. [Doc. 60]

**IT IS FURTHER ORDERED** that defendant's Motion for Appointment of Counsel is **DENIED** without prejudice. [Doc. 61]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of December, 2008.